Hatch, J.
—When this case was before this court upon a previous appeal it received careful attention, and all of the questions raised by the appellant were passed upon and decided adversely to him, save the one upon which a new trial was granted. For the reasons assigned then, such decision must be regarded as conclusive, and upon a reexamination we are satisfied with the correctness of the reasoning and the result reached with respect to the questions so adversely decided. As affecting the present appeal, it appears that the undertaking sued upon was given to perfect an appeal from a judgment rendered by the county court of Erie county to the general term of the supreme court; such undertaking, therefore, comes within the provision of chapter 12, title 3 of the Code.
By chapter 12, section 1309 of the Code it is provided: “An action shall not be maintained upon an appeal taken as prescribed in title third until ten days shall have expired since the service upon the attorney for the appellant of a written notice of the entry of a judgment or order affirming the judgment or order appealed from or dismissing the appeal.”
It appears that this judgment was in fact affirmed on the 31st day of May, 1884. It also appears that a copy of such *9 order of affirmance, together with a notice that such order was entered in the clerk’s office of Erie county on the 9th day of June, 1884, was served upon the attorney for appellants, and service by him admitted on the 11th day of June, 1884. Also, upon the same day, a copy of what pm-ported to be a judgment of affirmance, and which would have been in all respects, a perfect judgment of affirmance if attached to a judgment roll, together with a notice of the entry of such judgment was served upon the attorney for appellant, as appears by his admission of service.
This action was commenced on the 30th day of July, 1884. The complaint, served with the summons alleged, the service of notice of entry of judgment of affirmance. The complaint thus stated a good cause of action. Porter v. Kingsburg, 71 N. Y., 588.
It may not be confidently asserted that no valid judgment of affirmance was at that time entered. See Knapp v. Roche, 82 N. Y., 366. But in any event notice of entry 'of an order affirming the judgment had been given, the requisite time expired, and the order in fact entered, so that plaintiff’s cause of action stood perfect at the time of its commencement, and this, without reference to whether judgment was entered or not. If need be the complaint will now be amended alleging service of notice, of the entry of the order affirming the judgment appealed from Code, § 783.
All that was necessary in order for plaintiff to recover, was, to prove the judgment of affirmance. But it is urged that judgment was not entered when the action was commenced. If the right of action depended upon the entry of judgment, there might be force to the objection, but as above shown it does not so depend. We have yet to learn, that when a cause of action exists, no action can be maintained, unless cotemporaneous with it, exists the evidence to prove it. The unsoundness of such a proposition is self evident and needs no argument or authority to prove it. This is not an attempt to enforce final judgment, but to enforce a collateral security independent of it. The cause of action depended upon two propositions, the affirmance of the judgment, and the service of notice of the order of affirmance, this has been done, the cause of action existed when commenced, and the plaintiff, to prove his cause of action, could enter up his judgment-roll at any time, either before or at the trial. He did show a valid judgment of affirmance and thus established his cause of action.
No error appearing in this respect, the judgment should be affirmed, with costs.
*10 Beckwick, C. J.
—I concur in the conclusion reached in the foregoing opinion that the judgment should be affirmed.