The opinion of the court was delivered by
Watkins, J.
Plaintiffs, as the heirs of John M. Hoyle, deceased, alleging the ancient title of the deceased and their title by inheritance of the properties described in their petition, aver that the defendant claims to be the owner thereof by devolution of title and mesne conveyances, from the Western Land and Emigration Company, which corporation claims to have acquired same on the 15th of December, 1888, at tax sale and adjudication under and in pursuance of Act 82 of 1884.
They further aver that said adjudication is and was null and void upon the following grounds, viz.:
1. For want of notice to them; and that in so far as said act authorized the sale of their property without notice, same is unconstitutional, null and void.
2. That the tax collector was without authority to make the deed of sale to the adjudicatee until the taxes subsequent to the year 1880 had been paid in accordance with its assumption, same being a part of the purchase price.
The prayer of the petition is that they be decreed the owners of said property; and that the titles of the defendant be annulled and canceled and erased from the conveyance records.
The issues presented are the same substantially as those raised in *901 the ease of Heirs of Billgery vs. Land Trust of Indianapolis, and the defendant presents the same issues as the grounds of its defence as those set up in that case.
The question of the unconstitutionality of Act 82 of 1884 was raised in the matter of Orloff Lake, 40 An. 142, and overruled; and that decision has since been continuously maintained. Henderson vs. Ellerman, 47 An. 306; Augusti vs. Lawless, 45 An. 1370; Martin vs. Langenstein, 43 An. 791, and other cases.
On the trial there was judgment in favor of the defendant, and plaintiffs appealed.
It is therefore ordered and decreed that for the reasons assigned in our petition in Heirs of Billgery vs. Land Trust of Indianapolis, the judgment appealed from in this case is affirmed.