(101 South. 415)

No. 26337.

### JONES v. CURRAN.

### CURRAN v. JONES.

(June 27, 1924.   Rehearing Denied by Whole Court Sept. 25, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Taxation** ⊜=658(2)—Sale not preceded by statutory notice is absolute nullity.

A tax sale, not preceded by a notice given in the manner provided by law, is an absolute nullity.

2. **Taxation** ⊜=659 — Delinquent tax debtor whose address is known cannot be notified otherwise than by registered mail.

Under Revenue Act of 1898, a delinquent tax debtor whose address is known cannot be notified otherwise than by registered mail.

3. **Taxation** ⊜=788(9) — Proof of notice to delinquent tax debtor given otherwise than as stated in deed held not permissible.

Where property was sold at tax sale as that of delinquent whose residence was known, and recital of deed that notice was given by registered mail was disproved, it is not permissible to prove that notice was given otherwise than as stated in deed.

4. **Appeal and error** ⊜=1177(7)—Remand for retrial to present additional testimony denied.

Where case was tried on single issue, and witnesses on whose affidavits case is asked to be remanded were examined at length, no sufficient reason being shown why new evidence sought could not have been discovered on first trial, motion to remand for retrial will be denied.

Appeal from Fifteenth Judicial District Court, Parish of Cameron; Jerry Cline, Judge.

Consolidated actions by D. G. Jones against Richard Curran, and by Richard Curran against D. G. Jones. From the judgment rendered, D. G. Jones appeals. Affirmed.

Benjamin T. Waldo, of New Orleans, Griffin T. Hawkins, of Lake Charles, and Mark C. Pickrel, of Oakdale, for appellant.

Miller & Miller, of Jennings, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

THOMPSON, J.   The matter involved in these consolidated cases is the validity or invalidity of a tax sale of some 12,000 acres of unimproved land situated in the parish of Cameron.

Curran acquired the lands by purchase from Herbert Hammond in 1917, and they were assessed to him and the taxes paid thereon for the years 1918 and 1919. For some reason, unexplained by the record, the

taxes for 1920 were not paid, and the entire body of land was sold at tax sale in September, 1921, and D. G. Jones became the purchaser.

After the expiration of the year for redemption, Jones filed suit against Curran, who was a nonresident, to have the tax title quieted and confirmed. In answer to this suit Curran pleaded the absolute nullity of the tax sale, for the reason that no notice of delinquency was given him in any manner or form as prescribed by law.

On the day the answer was filed, Curran filed an independent suit against Jones to annul the said tax sale, on the ground that his residence was well known to the tax collector of the parish of Cameron, and that no notice was given to him of the delinquency of his taxes, either by registered mail, or by publication in a weekly newspaper of the parish, or by notice addressed to unknown owners and nonresident owners, whose post office addresses were unknown.

The two cases were consolidated, and after a trial on the merits, judgment was rendered annulling the sale, on condition that Curran should pay to Jones within 60 days after the judgment became final the taxes, interest, and costs as stated in the judgment. The defendant Jones appeals.

## Opinion.

The tax sale purports to have been made under Act 170 of 1898 and the amendments thereto. The deed recites that notices were sent by registered mail to all delinquent taxpayers, and, after 20 days from the day when the last notice was mailed, the tax collector advertised the lands for sale by posting three notices in different sections of the parish, there being no newspaper published in the parish at the time.

Under the Revenue Act of 1898, tax debtors owning immovable property are classed as "residents," "absent owners," and "unknown owners." The act provides how the notices of delinquency shall be given; that is to say, the notice to a resident or nonresident taxpayer whose address is known is required to be given by registered mail; and to "unknown owners" and those whose residence is unknown, the notice is to be given by publication in a newspaper, if there be such in the parish, and, if not, then by posting. In connection with the assessment for 1920, the name of Richard Curran is followed by the notation, "address unknown." It is not pretended, however, that the assessment came under the class of "unknown owners."

The property was not assessed as that of an unknown owner, nor was the sale made as of property of an unknown owner. But, to the contrary, the tax sale on its face shows that Curran was dealt with as one whose address was known to the taxing officials. The only notice which the deed declares was given to the tax debtors of tax delinquency was that by registered mail, and it goes without saying that notices by registered mail could only be sent to those whose post office addresses were known.

As a matter of fact, the evidence in the record fully warrants the conclusion that the address of Curran was well known to the tax collector's office, which was charged with the duty of enforcing the collection of the taxes on the lands assessed. The deed by which Curran acquired the lands was extant upon the public records, and its recitals showed the address of the purchaser. The lands were assessed to him for the years 1918 and 1919, and the taxes were paid by Curran with checks drawn on the bank of the city where he lived. The letters which passed between Curran and the tax collector's office, in connection with the taxes of the previous years on these lands as well as on other lands, disclosed the residence of the tax debtor, the street number and the

city in which he lived. It is conceded that Laurent, the deputy in charge of the tax collector's office during the years 1918 and 1919, knew the address of Curran.

The deputy who made the tax sales succeeded Laurent, and could have, by simple examination of the records or by inquiry, ascertained Curran's residence. It was his duty to have made diligent inquiry before proceeding to sell such a large body of lands. Yet he confesses under oath that he made no effort whatever to ascertain the address of Curran, and that he gave no notice of delinquency of his taxes, either by registered mail or otherwise.

[1] A tax sale not preceded by a notice given in the manner provided by law is an absolute nullity.

In T. D. Land Co. v. C. & M. D. Sholars, 105 La. 357, 29 South. 908, the court said:

"The notice of delinquency required to be given or mailed to the tax debtor is sacramental, and failure to give it vitiates all subsequent proceedings taken for the sale of the property to enforce payment of taxes.

"Deeds of sale made by collectors of taxes are required by law, both constitutional and statutory, to be received by courts in evidence as prima facie valid sales.

"But when there is evidence adduced sufficient to rebut this prima facie character of the deed, and to fatally imperil the presumption of regularity which attaches to the tax sale, there is thrown upon the party who holds under the tax title the burden of sustaining the latter by testimony aliunde the deed." See Hoyle v Athletic Club, 48 La. Ann. 900, 19 South. 924; Adsit v. Park, 144 La. 937, 81 South. 430.

The recital in the deed that notice was given by registered mail having been completely rebutted and destroyed by the testimony of the officer who was in charge, and who made the tax sale, no presumption that notice was given otherwise could attach to the deed.

"Where the property has not been assessed to an 'unknown owner,' the presumption is that notice has been given by registered mail.

"When this presumption is rebutted, the law does not presume notice by publication." Fennimore v. Boatner, 112 La. 1080, 36 South. 860.

Counsel for appellant in this court have filed a motion to remand the case for the purpose of being reopened and retried on the issue as to whether notice of delinquency was given otherwise than by registered mail, as recited in the deed, but disproved by the officer who made the sale. Attached to this motion are certain affidavits of three persons, who swear that notice was posted at a certain place on January 1, 1921, and remained so posted until the day of sale, eight months thereafter. The motion to remand cannot be sustained for at least two well-grounded reasons.

1. There is a grave doubt as to whether the proffered evidence would be admissible, in view of the recital of the tax deed that notice was given by registered mail.

[2] A delinquent tax debtor is either a resident or a nonresident, and his address is either known or it is unknown. If his address is known, he cannot be notified otherwise than by registered mail. If his address is unknown, then the notice must be served as provided for that class of delinquents. The tax debtor in the instant case, as shown by the recitals of the deed, was proceeded against as one whose address was known to the officer, and we have found that his address was known, or could have been ascertained, by simple inquiry or investigation. It was ascertained by the deputy who made the sale a·few days thereafter by inquiry of the clerk of court.

[3] The property having been sold as that of a delinquent whose residence was known, and the recital of the deed that notice was given by registered mail having been disproved, it is not permissible to prove that notice was given otherwise than as stated in the deed.

"The declaration of the deed cannot thus be contradicted, and a different notice shown than

that declared in the deed, by proving that the property was sold as belonging to an 'owner unknown.'" Succession of Williams v. Chaplain, 112 La. 1075, 36 South. 859.

[4] 2. But there is another potential reason why the case should not be remanded. The appellant has had his day in court, and there must be an end to litigation. The single issue tendered by the pleadings was the want of notice of delinquency. The case was tried on that issue. The three witnesses on whose affidavits the case is asked to be remanded were placed on the stand on the trial in the lower court, and were examined at length.

The sheriff, Mr. D. R. Crain, was very seldom in the tax collector's office. He was absent for as much as three months at a time. He had little to do with the affairs of the office, particularly the management of the tax department. He testified that he did not know there was any such man as Richard Curran on the roll. He was not asked as to posting the notice, which he now proposes to swear was performed by him, with distinct recollection as to the name of Curran being thereon with the description of the land.

D. Y. Doland was also a witness, and testified that he posted the advertisement of the tax sales some 40 days before the sale, but he was not asked with reference to the notice of delinquency.

R. C. Doxey, the other witness on whose affidavit the case is asked to be remanded, testified on the trial that he saw the tax sales advertisement posted, and he, too, was not asked concerning the posting of the notices of delinquency.

The case presents no element whatever justifying a remanding and reopening for a new trial, and for additional testimony upon the sole and only issue presented. The appellant was afforded every opportunity to present his case, and he had the witnesses present from whom he now proposes to elicit new and different evidence from that produced on the former trial. No sufficient reason is shown why the evidence now sought could not have been discovered on the first trial.

In Yarbrough v. Swift & Co., 119 La. 344, 44 South. 123, a similar motion was made, and in denying it the court said:

"We have noted that defendant moved for an order remanding the case on the ground of newly discovered evidence. It has had its day in court. It is its misfortune if it did not discover the evidence in time. There must be an end to litigation. A remanding order at this time in this case would find support in none of the books."

For the reasons assigned, the motion to remand is denied, and the judgment appealed from is affirmed, at appellant's cost.

Rehearing refused by the WHOLE COURT.