### No. 3822

### Second Circuit

### LEE, JR., v. GIVENS ET AL.

(May 20, 1931. Opinion and Decree.)
(July 14, 1931. Rehearing Refused.)
(October 15, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

J. Rush Wimberly, of Arcadia, attorney for plaintiff, appellant.

B. F. Barnette and Goff & Goff, of Arcadia, attorneys for defendants, appellees.

DREW, J. In 1926, the SW¼ of SW¼ of section 23, township 14, range 8, Bienville parish, La., was properly assessed to Dave A. Lee, Jr., the rightful owner at that time, the assessment rolls showing the address of the owner to be Ashland, La. After the 1st day of January, 1927, the taxes not being paid, the sheriff of Bienville parish addressed a registered notice to D. A. Lee, Jr., at Ashland, La., as required by law. The notice was not received by the addressee and was returned to the sheriff on March 31, 1927, with the following notation thereon: "Removed, left no address." The sheriff filed same away and did not give or attempt to give any other notice of delinquency. The property was advertised for sale for the unpaid taxes, and on June 25, 1927, was adjudicated to W. A. Bogan for $21.81, the amount of taxes, interest, and costs due thereon for the year 1926; the sheriff reciting in the deed that he had given legal notice, as required by law.

D. A. Lee, Jr., leased the property for the year 1927 to a negro who worked the place, and for the year 1928, to one J. C. Givens for one-fourth of the crop, less the cost of certain improvements to be placed thereon by Givens. On August 22, 1928, W. H. Bogan, the purchaser at tax sale, more than one year having elapsed since the said sale, gave written notice to Givens, the lessee, advising him that he (Bogan) had purchased the property at tax sale and would expect the rent to be paid to him. Givens would not agree to pay the rent without an order of court, so Bogan filed suit for the rent and Givens signed an answer admitting that he owed rent and neither denied nor admitted that he owed it to Bogan.

On the face of the record, the court rendered judgment in favor of Bogan for the rent due. The petition and answer in that suit were filed on December 3, 1928, and judgment rendered on December 4, 1928. On December 13, 1928, by authentic act of sale, W. H. Bogan sold to J. C. Givens the land in question for the sum of $548, $100 cash, and the remainder on credit of one, two, three, and four years, describing the property as the NW¼ of NW¼ of section 23, township 14, range 8, and on December 20, 1928, executed a correction deed properly describing the land.

On September 13, 1929, D. A. Lee, Jr.,

filed this suit, attacking the tax title in W. H. Bogan and later transferred to Givens, and prayed that the tax sale be decreed null and void and the deed canceled and erased from the record; also for the cancellation of the deeds from Bogan to Givens, and that he be declared the owner of the property, and for judgment against both Bogan and Givens in solido for the rent of said place for the years 1928 and 1929, fixing same at $100 for each year.

He alleged collusion and fraud between Bogan and plaintiff's lessee, Givens, and further that the tax sale is null and void for the reason that it was made without legal notice to him of said proposed sale and without legal advertisement of said sale and without legal notice of any delinquency of his taxes.

Defendants deny the allegations of the petition as to collusion and fraud between plaintiff's tenant and Bogan, and allege that Bogan acquired said property under a legal tax deed; that due notice of the delinquency of the taxes on said property and notice of intention to seize same were duly served by mail to the tax debtor, D. A. Lee, Jr., at his post office at Ashland, La., as shown by the assessment rolls of Bienville parish; that the property was seized and due return thereof made, was duly advertised, sold, and adjudicated to the said Bogan, in accordance with law; and deny the claim for any rent.

The lower court rendered judgment holding the tax sale to be legal and valid and rejecting plaintiff's demands. Plaintiff has appealed to this court.

The only question necessary for us to pass on is whether or not the legal notice of delinquency was given, as is required by sections 50, 51, and 52 of Act No. 170 of 1898. Under this act, tax debtors owning immovable property are classed as "residents," "absent owners," and "unknown owners." The act provides that notice of delinquency to a resident or non-resident taxpayer whose address is known shall be given by registered mail, and to "unknown owners" and those whose residence is unknown, by publication in a newspaper, if there be such in the parish, if not, then by posting. The tax debtor in this instance was treated as a resident whose address is known, and notice of delinquency was sent by registered mail to Ashland, La., his residence as shown by the assessment rolls. The notice was returned unclaimed with the notation thereon that his address was unknown. The sheriff made no further attempt to give him notice or to learn his address, neither did he give notice by publication in the paper, as is required for "unknown owners" and those whose residence is unknown.

The uncontradicted testimony is that plaintiff had not resided at Ashland, La., for many years prior to 1926, only returning there once or twice a year to visit his father, who at that time resided in that community, and that he did not authorize the assessor to show his address on the assessment rolls as Ashland, La., and did not know it had been done. During the four or five years prior to 1927, plaintiff had resided in Vernon parish and about two years at Call, Tex. His residence was not at Ashland, La., where the notice was sent.

The Constitutions of 1879 (article 210), 1898 (article 233), 1913 (article 233), and 1921 (article 10, sec. 11), all contain the clause providing for notice to delinquent tax debtors, and Act No. 170 of 1898 (sections 50-52) provides how it shall be giv-

en. This provision contemplated that reasonably diligent steps should be taken by the sheriff and tax collector to make the notice effectual. Genella v. Vincent, 50 La. Ann. 956, 24 So. 690; Wilkerson v. Wyche, 158 La. 596, 104 So. 381; Jones v. Curran, 156 La. 1055, 101 So. 415.

The sheriff and tax collector in this case did not do anything to make the notice effectual, but merely mailed the notice, which was returned, and it is not shown that he made any inquiry regarding the residence of the tax debtor.

The evidence offered by plaintiff is sufficient to rebut the prima facie character of the deed, and there is, therefore, thrown upon the defendants, who hold under the tax title, the burden of sustaining the latter by testimony aliunde the deed. T. D. Land Co. v. Sholars, 105 La. 357, 29 So. 908; Hoyle v. Athletic Club, 48 La. Ann. 900, 19 So. 924; Adsit v. Parks, 144 La. 937, 81 So. 430; Jones v. Curran, supra. And the defendants have failed to offer any evidence thereon.

When the notice was returned to the sheriff and tax collector with the notation thereon, it was the duty of the sheriff to make inquiries as to the residence of plaintiff, and, if same could not be learned, he then should have given the notice required by section 52 of Act No. 170 of 1898; that is, by publication of notice, as is prescribed for "unknown owners" and owners whose residence is unknown. As a last resort, he must comply with section 52 in order to satisfy the constitutional requirements of notice to delinquent taxpayers. Bush v. Bahan, 10 La. App. 560, 121 So. 628; citing Jones v. Curran, supra; Recker v. Dupuy, 161 La. 392, 108 So. 782; Kivlen v. Horvath, 163 La. 901, 113 So. 140.

The judgment of the lower court will have to be reversed.

The claim for rent is not sufficiently established in the record to be disposed of at this time, and there is no claim by defendants for taxes, price, and costs paid; however, section 11 of article 10 of the Constitution of 1921 provides:

"No judgment annulling a tax sale shall have effect until the price and all taxes and costs paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser."

It therefore follows that no judgment rendered herein can become effective until the defendants have reimbursed the expenditures of the nature mentioned in this article of the Constitution.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, avoided and reversed; and it is now ordered that the tax sale of the property of plaintiff for taxes of 1926, recorded in Book 84, folio 217, of the conveyance records of Bienville parish, La., be annulled and set aside and canceled from said records; and the two deeds from W. H. Bogan to J. C. Givens, conveying the same property recorded in the conveyance records of Bienville parish, La., Book 88, folios 229 and 244, be annulled and set aside and canceled from the records; and that this judgment take effect from and after payment by plaintiff to defendants of the price and taxes paid and costs of said tax sale, amounting to $21.81, together with all subsequent taxes paid, with 10 per cent per annum interest on all sums from the date of such payments; and the right of plaintiff to sue for rent of said property is hereby reserved to him. Defendants and appellees to pay all costs of both courts.