For the reasons assigned the judgment appealed from is affirmed.

Affirmed.

### CAREY v. GREEN. *
### No. 4203.

Court of Appeal of Louisiana. Second Circuit, Second Division.

May 4, 1932.

Argued before STEPHENS, DREW, and TALIAFERRO, JJ.

Clifford E. Hays, of Minden, for appellant.

Stewart & Stewart, of Minden, for appellee.

### TALIAFERRO, J.

This is a case in which plaintiff seeks to annul a certain tax sale and deed, and to obtain the cancellation of the inscription of the tax deed from the conveyance records. In the lower court the case was tried and submitted on an agreed statement of facts, which, briefly stated, is about as follows:

That plaintiff, the tax debtor, had continuously resided in Minden, Webster parish, La., since February 21, 1924, and was still a resident thereof at the time of the trial of this cause. That the plaintiff had by valid purchase acquired lot 4, of block A of J. A. Moore addition to the town of Minden, by deed dated February 21, 1924, which was duly recorded in the conveyance records of said parish, and that he had actual or constructive possession of said described property at all times since the date of purchase thereof. That the property was in every way legally assessed on both the state and municipal rolls to plaintiff for the years 1925 and 1926, but had been assessed to the prior owner thereof for the year 1924, and that plaintiff had voluntarily and personally paid all such taxes with which the property was assessed for the years 1924 and 1925, but for some reason, unexplained by the record, had failed to pay the municipal taxes assessed for the year 1926. That in the month of April, 1927, the municipal tax collector, in the performance of the duties of his office, mailed a notice of tax delinquency to the tax debtor by registered mail, addressed to "George Carey, Minden, Louisiana," but that the notice so mailed was not called for or delivered to the addressee, plaintiff herein, and on May 9, 1927, it was returned by the postal authorities to the said tax collector, who at the time formally receipted for same. That during the months of April and May, 1927, plaintiff did not reside in a place or home requiring carrier delivery of mails, under the postal regulations, within the city limits, nor had he

---

*Rehearing granted June 11, 1932.

any business address requiring carrier delivery of mail thereto, and that "Minden, Louisiana," constituted the only mailing address known to the municipal tax collector, who, however, was cognizant of the actual place of residence of the tax debtor, the plaintiff. That after the performance of the aforesaid acts with reference to registry of notice of delinquency and after the elapse of the legal delays therefor, the tax collector of the municipality proceeded to advertise in due form and manner and time the said property, as belonging to the tax debtor, for sale for the nonpayment of such taxes due the municipality for the year 1926, and, in due course, and with due formality, adjudicated and sold the said property to the defendant herein, all as required by the provisions of law, executing tax deed therefor on August 3, 1927, which deed was duly recorded in the conveyance records, and which deed plaintiff in this case seeks to annul and cancel. It is further admitted by litigants that this suit was properly filed on or about April 21, 1930, and issue properly joined as between the parties.

In the lower court there was judgment for the plaintiff, annulling the tax deed attacked, ordering the cancellation of such deed from the conveyance records, upon payment by plaintiff to defendant of the amount paid to the tax collector at the time of adjudication thereof, with interest, penalties, and costs. Defendant appealed.

As this case is presented to this court, it appears that there remains but one point for determination, and that is, whether the mailing of the notice of delinquency of the municipal taxes to plaintiff, the tax debtor, by the tax collector, as was done under the admitted statement of facts herein, constitutes the legal notice to such tax debtor in the contemplation of law, and satisfies the requirements thereof.

The plaintiff contends that the notice of delinquency of the taxes in question by the mailing of same by the tax collector was not a sufficient giving of notice, as required by law, in that the tax collector actually received and receipted for the return registered letter, which was notice to such official that the tax debtor had not received the notice given. As revealed by the pleadings and the agreed statement of facts, the property in question was assessed on the municipal rolls for the year in question, as in like manner assessed on the parish and state rolls for that year, in the name of "George Carey, Minden, Louisiana," and that the tax debtor was a resident tax debtor, his post office address being well known to the taxing authorities. But it appears that the tax debtor was not in the carrier delivery zone of the municipality, and having not called for his mail, consequently did not actually receive delivery of the registered notice. Plaintiff further contends that

upon return delivery to the tax collector of the registered notice, that official had cognizance of the failure of delivery of such notice to the tax debtor, and such official should have put forth other and further effort to notify the tax debtor of the delinquency of the taxes before proceeding to sell the property in order to enforce payment of such taxes.

On the other hand, the defendant contends that the notice of delinquency by registered mail, as was given in the case, did comply with and satisfy all requirements of law upon which valid tax sales are predicated. Further, that to have required any more to be done by the tax collector in the premises would have been unreasonble, likely futile, and in no sense required under the taxing laws of the state.

It appears that the trial judge, in reaching the conclusions he did in this case, relied largely upon the case of Lee v. Givens, 18 La. App. 383, 134 So. 775, 777; also upon the authority of Page v. Pitts, 16 La. App. 145, 133 So. 460.

In the case of Lee v. Givens, the court said:

"The only question necessary for us to pass on is whether or not the legal notice of delinquency was given, as is required by sections 50, 51, and 52 of Act No. 170 of 1898. Under this act, tax debtors owning immovable property are classed as 'residents,' 'absent owners,' and 'unknown owners.' The act provides that notice of delinquency to a resident or non-resident taxpayer whose address is known shall be given by registered mail, and to 'unknown owners' and those whose residence is unknown, by publication in a newspaper, if there be such in the parish, if not, then by posting. The tax debtor in this instance was treated as a resident whose address is known, and notice of delinquency was sent by registered mail to Ashland, La., his residence as shown by the assessment rolls. The notice was returned unclaimed with the notation thereon that his address was unknown. The sheriff made no further attempt to give him notice or to learn his address, neither did he give notice by publication in the paper, as is required for 'unknown owners' and those whose residence is unknown.

"The uncontradicted testimony is that plaintiff had not resided at Ashland, La., for many years prior to 1926, only returning there once or twice a year to visit his father, who at that time resided in that community, and that he did not authorize the assessor to show his address on the assessment rolls as Ashland, La., and did not know it had been done. During the four or five years prior to 1927, plaintiff had resided in Vernon parish and about two years at Call, Tex. His residence was not at Ashland, La., where the notice was sent."

It will be seen that while this case has bearing on the case at bar and is illuminating, still the same is not decisive of the issue here presented. In the present case the address of the tax debtor was correctly stated on the assessment roll, correctly known to the tax collector, and was correctly given on the notice mailed by the tax collector to the tax debtor, and in its last analysis, the sole contention of the plaintiff here is that the notice given by the tax collector was not actually received by the tax debtor. In this connection it would be well to bear in mind that the tax debtor had for some two years prior to the year in which the delinquent taxes were due, paid not only the state and parish taxes, but had paid the municipal taxes as well. And, too, the record shows that the usual and required advertisement of the property for sale to enforce payment of the municipal taxes was regularly and legally had, and no irregularity exists as to the method and manner of giving the legal notice of delinquency of the taxes by the tax collector.

The trial judge in his written opinion in this case says:

"In the case at bar, it is admitted that the tax collector knew that the tax debtor resided in Minden, and knew where his house was located, but he accepted the notice of delinquency back from the postoffice in about ten days after it was mailed, and made no further effort to get notice to the tax debtor. The return of the notice undelivered was notice to the tax collector that it had not been received by the tax debtor, and he ought either to have sent another notice, or left the notice in the postoffice longer, in which event, the tax debtor would have in all probability called for it."

■■ The requirements of the tax collector in such circumstances are to endeavor to make the notice effectual, not to see that actual delivery is made upon the tax debtor, and in cases, as developed by the facts in Lee v. Givens, where the tax collector mails the required notice to the tax debtor at an address shown on the assessment rolls, which proves to be an incorrect address, as shown by the return of such notice to the tax collector, and with the further notification that the address of the tax debtor is unknown, the tax collector has not endeavored to make the tax notice effectual, and should not proceed to the sale of the property for taxes without further effort on his part to make such notice effectual.

But in the instant case what more could be expected and required of the tax collector in the circumstances than was done by him? The tax collector knew that the address given was the correct address of the tax debtor, as he had been for some years a resident of the town of Minden, and was cognizant of the fact that the only reason why the tax debtor had not actually received delivery of the notice was that he had not called for and accepted delivery of the notice. In passing we may state that had the tax collector in this case actually delivered the notice to the tax debtor, and not given the notice by registered mail, he would not have observed the plain formalities prescribed by law for such notices. There is no provision of law permitting or requiring the tax collector to give a second notice, nor is the matter of leaving the notice of the tax collector in the post office for a longer period of time under the control of the tax collector. In the case of Hoyle et al. v. Southern Athletic Club, 48 La. Ann. 879, 19 So. 937, 940, the court held:

"It might well be that, in point of fact, no notices were actually received by any of the parties, and yet the sales could stand; for, if the assessments were properly made, and the tax collector, in giving the notices, conformed to the requirements of the statute and of the law, it would not follow that they be ineffectual, because they did not reach the parties they were intended to reach. * * *

"Was a letter addressed to 'Estate of J. M. Hoyle,' and placed prepaid in the post office, a fair and reasonable compliance by the tax collector with the requirements of law? Article 210 of the constitution, in requiring that notice should be given to the taxpayer, evidently contemplated that reasonably diligent steps should be taken to make the notice effectual. It has always been recognized that a strict observance of the formalities called for by the law is exacted in matters of tax sales,—a stricter observance in fact than in almost any forced proceeding under and through which ownership of property is made to shift."

In the case of Jones v. Curran, 156 La. 1055, 101 So. 415, 416, we think the court has laid down the correct rule which must govern in this case:

"A delinquent tax debtor is either a resident or a nonresident, and his address is either known or it is unknown. If his address is known, he cannot be notified otherwise than by registered mail. If his address is unknown, then the notice must be served as provided for that class of delinquents."

■ We therefore conclude that, as in this case, where the tax collector gives the usual notice to the tax debtor by registered mail, he has observed all formalities prescribed by the plain provisions of the statute, and in fact has acted in the only manner permitted him by law.

We think the trial court erred in granting judgment in favor of the appellee invalidating the tax sale.

For the reasons herein assigned, the judgment appealed from is reversed, annulled, and set aside; and there is now judgment in

favor of defendant recognizing him as the owner of the property involved in this suit and recognizing the tax sale thereof to him as legal and valid; and he is entitled to possession thereof. The demands of plaintiff are rejected, with costs of suit.

DREW, J., dissents.