## CAREY v. GREEN.
### No. 4203.

**Court of** Appeal of Louisiana, Second Circuit.

Nov. 10, 1932.

For prior opinion, see 141 So. 402.

Clifford E. Hays, of Minden, for appellant.

Stewart & Stewart, of Minden, for appellee.

### DREW, J.

Plaintiff seeks to annul a certain tax sale and deed and to obtain the cancellation of the inscription of the tax deed from the conveyance record. The case was tried upon an agreed statement of facts as follows:

"It is hereby agreed by and between Stewart & Stewart, counsel for the plaintiff, George Carey, and Clifford E. Hays, counsel for the defendant, A. E. Green, that this case be submitted to the Court for decision upon the following agreed facts, without further evidence adduced, which are to be taken and considered as true and to the same extent as if fully proven in open court by formal and competent evidence, namely:

"1. George Carey, plaintiff, has continually resided in Minden, Webster Parish, Louisiana, since February 21, 1924, and is now a resident of said place; A. E. Green, defendant, is a resident of Bossier Parish, Louisiana.

"2. That George Carey, plaintiff, acquired by valid purchase from J. R. Moore, by deed dated February 21, 1924, recorded in Conveyance Book 62, page 377, records of Webster Parish, Louisiana, Lot 4 of Block "a" of J. A. Moore Addition to the Town of Minden, Webster Parish, Louisiana.

"3. That George Carey, plaintiff, has had actual or constructive possession of said described lot at all times since his said acquisition on February 21, 1924.

"4. That said lot was properly and legally assessed on both state and municipal rolls to George Carey, plaintiff, for the years 1925 and 1926, and in the name of his vendor in 1924.

"5. That George Carey, plaintiff, voluntarily and personally paid all state, parish and municipal taxes assessed for the years 1924 and 1925, and also the state and parish taxes assessed for the year 1926, but did not pay the municipal taxes assessed for the year 1926.

"6. That on April 25, 1927, B. G. Gantt, Tax Collector for Minden, Louisiana, mailed notice of tax delinquency of the taxes assessed by the municipality against the said property for the year 1926, by registered mail addressed to 'George Carey, Minden, Louisiana,' but that such notice so mailed was not called for or delivered to the addressee, George Carey, plaintiff herein, and on May 9, 1927, it was returned by the Post Office of Minden, Louisiana, to the said B. G. Gantt, City Tax Collector, who on that day formally receipted for same.

"7. That plaintiff, George Carey, in April and May, 1927, did not reside in a place or home requiring carrier delivery of mail under the United States postal regulations, had no known business address requiring carrier delivery of mail thereto, and 'Minden, Louisiana,' constituted the only mailing address known to the said municipal tax collector, who, however. was cognizant of the actual place of residence of the tax debtor, plaintiff herein, the said plaintiff's general mail being so generally addressed.

"8. That, after the usual and formal and legal delays from the date of such registry of notice of delinquency, the municipal tax collector advertised in due form in the official journal of the municipality for the legal time and in the name of 'George Carey, Minden, Louisiana,' the said property, properly described, for sale for the nonpayment of taxes, interest and costs, due under the municipal assessment for 1926, and with due formality as to sale, on Saturday, June 25, 1927, during legal hours, adjudicated the property to defendant, A. E. Green, the last highest and least property amount bidder, for the sum of $10.76, taxes, interest and costs due and formally executed a procès verbal of sale to defendant June 25, 1927, which was recorded August 3, 1927, in Conveyance Book 62, page 76, records of Webster Parish, La., the said Green, as adjudicatee, paying such amount of $10.76, plus $1.00 for registry, to the proper authority.

"9. That this suit was filed on or about April 21, 1930, and personal service had upon defendant, who has answered herein and submitted himself and this cause to the jurisdiction of this Court.

"10. That before the filing of this suit and subsequent to August 5, 1928, plaintiff, George Carey, offered to redeem the said property from the said tax sale by paying the amount of taxes, interest, costs, registry fees and usual 20% penalties of tax redemptions, whatever that amount should be, but that the defendant, A. E. Green, refused such offer because more than one year had elapsed from the registry of his tax deed, it being conceded by counsel that the Court shall not construe such offer on the part of the said plaintiff as such recognition on his part of the tax sale as to constitute an estoppel against him in the filing of suit herein.

"11. That, upon the pleadings and exhibits annexed and this statement of agreed facts by and between counsel and such alone, this cause is submitted for judgment to the Court, with reservation of either and both parties to appeal therefrom according to law."

In the lower court there was judgment for plaintiff annulling the tax deed and ordering the cancellation of same from the conveyance records upon the plaintiff paying to defendant the amount paid to the tax collector at the time of the judication thereof, with interest, penalties, and costs. The defendant appealed, and this court, in its former opinion, reversed the judgment of the lower court and rejected the demands of plaintiff. 141 So. 402. A rehearing was asked for and granted, the case now being before us on rehearing.

In this case there is only one question for determination, and that is: Did the mailing of the notice of delinquency of the municipal taxes to plaintiff, the tax debtor, by the tax collector, as was done under the admitted statement of facts herein, constitute the legal notice to such tax debtor in the contemplation of law and satisfy the requirements thereof?

The majority opinion of this court, in its former decree, answered the question in the affirmative. We are now convinced that we answered the question incorrectly and that it should be answered in the negative. It cannot be disputed that the tax collector literally followed the provisions of the statute. He mailed a registered notice of delinquency to the proper address of the tax debtor. The tax debtor failed to call for his mail, and some twelve or thirteen days later the notice was returned to the tax collector, who accepted it and receipted for it. At that time full and complete knowledge was brought to the tax collector that the tax debtor had not received notice. The tax collector made no further effort to give him notice, but proceeded to advertise and sell the property. It is clearly the duty of the tax collector to take reasonable, diligent, steps to make the notice effectual. Genella v. Vincent, 50 La. Ann. 956, 24 So. 690; Wilkerson v. Wyche, 158 La. 596, 104 So. 381; Jones v. Curran, 156 La. 1055, 101 So. 415; Lee v. Givens, 18 La. App. 383, 134 So. 775.

The tax collector had knowledge that the tax debtor was a resident of the town of Minden, and the tax collector was cognizant

of the actual place of residence of the tax debtor. It was the duty of the tax collector to take whatever action that was necessary to make the notice effectual. He was not required to take the notice from the post office. If he had been, he could have again mailed the notice and at least given the plaintiff the benefit of the twenty days that elapsed between the mailing of the notice and the advertising of his property for sale to have called for his mail. When the tax collector received the uncalled-for notice and receipted for it, he at that time prevented the notice from ever becoming effectual, and took no other steps to make the notice effectual. His failure to use reasonable diligence to make the notice effectual, after having knowledge that a literal compliance with the statute was not an effectual notice in fact, is fatal to the tax sale, and same is void.

It is therefore ordered, adjudged, and decreed that the former judgment of this court is recalled and set aside, and the judgment of the lower court is now affirmed, with costs.