## CALCASIEU MERCANTILE CO., Inc., v. FRANK et al.
### No. 1474.

Court of Appeal of Louisiana. First Circuit. May 14, 1935.

McCoy, King & Jones, of Lake Charles, for appellant.

DORE, Judge.

This is a suit by the plaintiff as a holder of a mortgage note for $374.59, with interest and attorney's fees, executed by Odelia Frank and Sidney Vandike, payable to the order of Erney Hunt, and indorsed by said payee, the said mortgage covering a 40-acre tract of land situated in the parish of Cameron; all parties to the note being made parties defendants.

The prayer of plaintiff's petition clearly shows that it is an action in rem, in that it asks that the property mortgaged to secure said note be seized and sold to satisfy it; the property mortgaged being attached, together with another parcel of land belonging to defendant Hunt. Erney Hunt, a nonresident and absentee, was cited through a curator ad hoc.

E. T. Wisner, a nonresident, intervened in the suit, claiming title to the property, subject to the mortgage, by virtue of a purchase made by him on November 20, 1933, from Erney Hunt, who in turn had purchased the property at tax sale in the name of Odelia Frank on November 19, 1932.

The plaintiff in the main demand, defendant in third opposition, attacked the tax sale on several grounds, mainly: "Registered notice of delinquency was not given to the tax debtor, as required by the Constitution and laws of the State of Louisiana."

Plaintiff in main demand, defendant in third opposition, prosecutes this appeal from an adverse judgment upholding the validity of the tax title and dismissing its suit as against Erney Hunt for lack of jurisdiction.

There are but two questions to be decided by this court:

(1) Did the lower court err in upholding the tax title of third opponent?

(2) Did the lower court err in dismissing plaintiff's suit as against Erney Hunt on the ground of lack of jurisdiction?

The plaintiff proved that the sheriff of the parish of Cameron failed to notify the tax debtor by registered mail as required by the Constitution (Const. 1921, art. 10, § 11, as amended in 1927) and section 50 of Act No. 170 of 1898, and section 51, as amended by Act No. 194 of 1932.

The third opponent then sought to prove by the sheriff, and also by the tax debtor, that the sheriff had given written notice to the tax debtor and which had been received by the said tax debtor. This evidence was timely objected to by the plaintiff in main demand, defendant in opposition. This evidence was introduced over the objection of plaintiff, and the lower court considered such as meeting the requirements of section 50 of Act No. 170 of 1898, and section 51 as amended, for the reason that registered notice to the tax debtor was not sacramental.

In determining the question of the admissibility of the evidence, it also determines the issue of the tax title in that if the evidence was not admissible, then and in that event the tax title falls.

Section 50 of Act No. 170 of 1898, and section 51 as amended, read in part as follows:

Section 50. "On the second day of January, 1899, and each subsequent year, or as soon thereafter as possible, the tax collector or sheriff shall address to each tax-payer who has not paid all the taxes which have been assessed to him on immovable property, Written or Printed notice in the manner provided for in section 51," etc.

Section 51. "The State Tax Collector for the City of New Orleans as well as in other Parishes of this State, shall send to each tax-payer by registered mail the notice prescribed in Section 50 of this Act, provided that in Cities containing a population over fifty thousand persons the State Tax Collector or Ex-Officio State Tax Collector, may either send this notice by registered mail or may make a personal or domiciliary service on the tax-payer."

■ By reading these two sections, one can very easily understand that it was the intention of the Legislature to make it mandatory upon the tax collectors outside of municipalities of over 50,000 persons to give registered written notice to delinquent tax debtors. No discretion was left and no other mode prescribed by the Legislature. To hold otherwise, this court would be legislating and adding another proviso to section 51 of the act. The provisions relative to tax sales must, of necessity, be strictly construed.

All the decisions cited by the lower court are decisions dealing solely with the provision contained in section 51 of the said act relative to municipalities of 50,000 people.

■ It is our opinion that registered written notice is sacramental. The purpose of requiring this notice in the manner set forth in the statute is essential for two reasons: First, to actually give the delinquent notice of the pending sale; and, second, as a necessary formality to validly effect such a sale. The copy of the tax sale in the record states that the registered notice was given. Evidence going to show that no registered notice was given, and which was contrary to the declaration in the deed, was admissible, but no evidence seeking to show any other method of notification was admissible.

To hold otherwise, not only would we be legislating by adding a new proviso, but it would mean that any tax collector could disregard the law and testify that he did give written notice to the tax debtor in person. It would not take much of an imagination to conceive the many cases which would spring up from this decision.

■ We can take judicial cognizance of the fact that there is record made at the post office of all registered mail, and a receipt therefor given, and which receipt is usually kept by the tax collector. The tax purchasers need not depend upon the memory of the tax collector to prove their case that notice was given.

Being fully convinced that registered notice was sacramental, and the evidence showing that none was given, we now pass to the validity of the tax title.

In Jones v. Curran, 156 La. 1055, 101 So. 415, 416, the Supreme Court said: "A tax sale not preceded by a notice given in the manner provided by law is an absolute nullity."

In that case, the Supreme Court has stated, 156 La. 1055, on page 1060, 101 So. 415, 416, that: "A delinquent tax debtor is either a resident or a nonresident, and his address is either known or it is unknown. If his address is known [as in the case at bar], he cannot be notified otherwise than by registered mail."

Further, the court states: "The property having been sold as that of a delinquent whose residence was known, and the recital

of the deed that notice was given by register-ed mail having been disproved [as in the case at bar], it is not permissible to prove that notice was given otherwise than as stated in the deed"—and citing Williams v. Chaplain, 112 La. 1075, 36 So. 859.

For these reasons, we conclude that tax sale relied upon by the third opponent is null and void, and of no effect.

We now pass to the question of the jurisdiction of the lower court, in so far as defendant Hunt is considered. The lower court must have overlooked the fact that there were two tracts of land belonging to defendant Hunt which were attached in these proceedings, and, for that reason, it had jurisdiction in the matter. The lower court overlooked the fact that the action being in rem transformed into an action in personam when defendant Hunt personally appeared in court and sought to defend the said action, without any reservation to jurisdiction, and actually took part in the proceedings. Kohlman v. Witherell & Dobbins Co., 155 La. 57, 98 So. 756.

We find it therefore necessary to recast the judgment in its entirety.

It is therefore ordered that there be judgment herein in favor of Calcasieu Mercantile Company, Inc., and against the defendants Odelia Frank, Sidney Vandike, and Erney Hunt, in solido, in the full and just sum of $374.59, with interest thereon at the rate of 8 per cent. per annum from December 8, 1931, until paid, and 10 per cent. additional on both principal and interest unpaid as attorney's fees, with recognition of plaintiff's special mortgage upon the following described property, to wit, "All of our undivided interest in and to the following described land, to-wit: The west 40 acres of the NE¼ of NW¼ of Sec. 6, Tp. 15 S. R. 8 W. Also beginning at the southeast corner of SE¼ of SW¼ of Sec. 31, Tp. 14 S. R. 8 W., thence north following the east line of said SE¼ of SW¼ of Sec. 31, 223 yards, thence west 440 yards; thence southerly direction 223 yards; thence east 440 yards to point of beginning. With all improvements situated thereon"; ordering the said property to be seized as advertised and sold to the highest bidder for cash without appraisement, and the proceeds of the sale of said property applied pro tanto to the payment of the plaintiff's claim by preference and priority over all other creditors and claimants.

It is further ordered that the writ of attachment herein issued against the defendant Erney Hunt be maintained and recognized and decreed executory against all of the property seized by virtue thereof, and that the said property be sold according to law, and that this judgment be paid from the proceeds of said sale by preference over the claims of all other creditors of said defendant Hunt.

It is further ordered, adjudged, and decreed that the intervention and third opposition of E. T. Wisner be and the same is hereby dismissed at his costs in both courts; and it is further ordered, adjudged, and decreed that the purported tax sale from Odile Frank to Erney Hunt recorded in Convy. Book No. 19, page 479, of the parish of Cameron, La., and the subsequent sale from Erney Hunt to E. T. Wisner, recorded in Convy. Book 20, page 634, of the parish of Cameron, be, and the same are hereby, declared null and void and of no effect, and ordered canceled from the said records upon receipt by the clerk of court of the parish of Cameron of the amount of taxes, interest, and costs paid by Erney Hunt for said taxes and the penalty of 20 per cent. provided by law.

Judgment annulled and recasted.