MARKS, Jr., Judge ad hoc.
In this case plaintiff and appellee brought suit to annul the tax sale of four lots of ground in a subdivision in Jefferson Parish known as “Suburban Villa Subdivision”. The sale was for unpaid taxes of 1947, and was made on September 28, 1948, to a partnership known as P. M. Realty Company, the property subsequently being transferred to P. M. Realty Company, Inc., defendant and appellant.
The tax sale was registered on November 4, 1948, and the suit to annul was filed October 15, 1950, well within the five year peremption period.
Plaintiff alleges four causes of nullity, the first of which is that no notice of the intended tax sale was given as required by law.
Defendant and appellant contends that the sheriff complied with all the requirements of law in regard to notice. In this respect it appears from the testimony of Louis J. Dauenhauer, Chief Deputy Tax Collector for the Parish of Jefferson, that there was no address for plaintiff on the tax rolls, and that the sheriff’s office was unable to find the address of the plaintiff in the New Orleans directory or the telephone directory or from other sources, and, therefore, mailed the notice to plaintiff “where the property was located.” The notice, which forms part of the record, is addressed to “Leo C. Bares, Suburban Villa, Metairie 21, Louisiana”. It was returned to the Tax Collector’s office with the notation, “Unknown.” Mr. Dauenhauer stated that he did not know whether or not the notice was being sent to vacant land. The tax receipts which are in the record indicate that the assessment was on “city lots” without an as¡-sessment for improvements.
After a trial in the Court below plaintiff recovered judgment annulling the tax sale-of September 28, 1948, and the resulting recordation of the procés verbal of November 4, 1948. The defendant was given judgment against plaintiff in the sum of $122.50, being the amount paid for taxes due for the years 1947 through 1951. Defendant has appealed.
The Constitution of Louisiana of 1921 provides that “ * * * the collector shall, without suit, and after giving notice to the delinquent in the manner provided by law, advertise * * Article X, section 11, as amended.
*608 LSA-R.S. 47:2180 provides that the notice to the delinquent tax debtor shall be .given by registered mail:
“On the second day of January each year, •or as soon thereafter as possible, the tax •collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property' for which the taxes are delinquent, or to the actual owner in the event the record owner is •deceased, written or printed notice in the manner provided for herein that his taxes •on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
“The tax collector shall send to each taxpayer by registered mail the notice prescribed herein, provided that in cities containing a population of over fifty thousand persons, the tax collector may either send this notice by registered mail or may make personal or domiciliary service on the taxpayer. After the tax collector shall have completed the service of the notices herein required, either by mail or by personal or domiciliary service, he shall make out a procés verbal stating therein the names of the delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made. * * * ”
The question presented for decision by plaintiff’s firstly alleged cause of nullity is whether the notice given as above stated constituted sufficient compliance with the requirements of our law.
We had occasion recently to review the jurisprudence on the subject of the necessity of the notice of delinquency in Doll v. Montgomery, La.App., 58 So.2d 573. See 27 T.L.R. 128-131. As demonstrated in that case, the necessity of a valid notice of delinquency is so well established by our jurisprudence as - scarcely to require the-recitation' of authority. See, however,-Zengel, Tax Sales: - Redemption and Annulment, 16 T.L.R. 585, 589-592.
The case of Hargrove v. Davis, La.App., 178 So. 198, 199, presents aspects similar to that at bar. In that case the “registered notice was returned unclaimed and undelivered. The sheriff made no further effort to serve notice of delinquency on the tax debtors, * * *.” The court said:
“The law which requires the tax collector to serve notice on the delinquent tax debtor before selling his property, contemplates a reasonably diligent effort on the part of the tax collector to make this notice effectual. We think the situation in this case is similar to that in the case of Lee v. Givens, 18 La.App. 383, 134 So. 775, 777, where the registered notice was not received by the tax debtor because it was sent to an improper address, and was returned to the tax collector undelivered with a notation thereon to that effect. The court in that case said: When the notice was returned to the sheriff and tax collector with the notation thereon, it was the duty of the sheriff to make inquiries as to the residence of plaintiff, and, if same could not be learned, he then should have given the notice required by section 52 of Act No. 170 of 1898; that is, by publication of notice, as is prescribed for “unknown owners” and owners whose residence is unknown. As a last resort, he must comply with section 52 in order to satisfy the constitutional requirements of notice to delinquent taxpayers.’ ”
'It is our opinion that the notice sent by the sheriff, addressed to plaintiff at “Suburban Villa Subdivision”, which property according to the assessment rolls was made up of “city lots”, was not sufficient notice as required by our law. As the trial judge pointed out in his written reasons for judgment,
“The Court believes that the Sheriff and Tax Collector erred in sending notice to a vacant piece'of real estate when this fact was made' known to him by the assessment roll which revealed assessment of the vacant lot, *609 only and did not show improvement which fact alone should indicate to the mind of the Sheriff and Tax Collector that a notice mailed to a vacant piece of property would not he properly received by the owner thereof. * * * >>
Appellant is correct in pointing out in its brief that the decision of the Court of Appeal for the Second Circuit in Carey v. Green, 144 So. 185, was reversed by the Supreme Court on certiorari, Carey v. Green, 177 La. 32, 147 So. 491, 492. The sole question decided in that case was whether the notice of delinquency sent by registered mail to the tax debtor, properly addressed to him, “George Carey, Minden, Louisiana,” which was the address used generally for the tax debtor’s mail, was a sufficient notice when the tax debtor never received it by reason of the fact that he did not call for his mail and it was not delivered to him, but was returned by the post office of Minden to the marshal and city tax collector. In that case the court said that under the facts involved it was not necessary for the tax collector to send a second notice of delinquency, “as it is admitted that the first notice was sent to the proper post' office address of plaintiff, the tax debtor, who resided in the city of Minden at the time.” The court concluded that
“When the marshal and tax collect- or of Minden sent to the plaintiff, the tax debtor, notice of delinquency ‘by registered mail,’ he complied with the sole requirement of the statute, and performed his whole official duty in the matter, receipt of the notice by the tax debtor not being necessary.”
The two cases cited by appellant as cases following Carey v. Green, to-wit, Goodwill v. Smith, La.App., 29 So.2d 188, 191, and Goodwin v. Newsome, La.App., 44 So.2d 189, also involve notices properly addressed.
The Goodwill case involved a notice of delinquency properly • addressed to “First National Bank”, owner of the property. There the contention was' made that the individual who receipted for the notice on behalf of the bank was not properly authorized. In that case the court said [29 So.2d 191]:
“If the envelope that was sent by registered mail to the bank contained the written notice of delinquency of the taxes and that the property would be sold therefor within the time fixed by law unless paid, it was not necessary to the validity of the tax sale that such notice be, actually received by the bank or by any one authorized by it. By so acting the tax collector literally performed his ministerial duty and this was sufficient to the legality of the sale.”
The court cites and quotes from Carey v. Green, supra, in support of its ruling.
The Goodwin case also involved a notice of delinquency properly addressed but apparently receipted for by someone other than the addressee. The court specifically followed the Goodwill case, and again cited Carey v. Green.
All three of these cases involved notices of delinquency, properly addressed and in each case it was held that it was not necessary that the notice be received by the tax debtor.
We have no quarrel with the rule stated in these cases. But in the instant case the notice of delinquency was not properly addressed and thus the facts of this case distinguish it from the three cases cited by appellant.
We are of the opinion that the tax sale was invalid by reason of the insufficient notice of delinquency, and as our opinion rests upon the firstly alleged cause of nullity stated by plaintiff, it is not necessary for us to consider any of the other causes alleged by plaintiff.
For the reasons assigned, it is ordered, adjudged arid 'decreed that the judgment appealed from be affirmed, appellant to pay the cost of this appeal.
Affirmed.