No. ——

First Circuit

---

JACKSON, ET AL., v. LAMB

---

(June 5, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Taxation—Par. 281, 283.**

In view of Sections 63 and 64 of Act 170 of 1898 a tax deed made for property sold at tax sale after the tax collector's notice of delinquency was returned unclaimed is a nullity.

2. **Louisiana Digest—Taxation—Par. 334.**

An assessment and tax sale in the name of a dead man or woman are null and void.

Appeal from the Parish of Jefferson Davis, Hon. Thos. F. Porter, Jr., Judge.

Action by Modeste Jackson et al. against W. C. Lamb. There was judgment for plaintiffs. Defendant appealed.

Judgment affirmed.

R. R. Stone, of Lake Charles, attorney for plaintiff, appellee.

Modisette and Adams, of Jennings, attorneys for defendant, appellant.

LECHE, J. Defendant appeals from a judgment avoiding the sale of property which he acquired at tax sale on August 12, 1922.

Plaintiffs are the forced heirs of Adam Moss and Mandy Moss, both of whom had died, the former thirty years, and the latter about four years before the present suit was filed. The property had always been assessed in the name of Adam Moss. The taxes were at first paid by Moss and after his death, his widow continued to pay them to the time of her death. For one year thereafter, one of the heirs paid them, but the taxes for the year 1921, for the payment of which the sale was made, remained unpaid. The tax collector's deed was made in the name of defendant, on the 12th of August, 1922, and was recorded on September 25, 1925. The present suit was filed August 17, 1925, so that there can be no application in this case, of the constitutional prescription of three years.

Plaintiff relies for the nullity of the sale on two grounds, first, that the assessment

was null and void for having been made in the name of a dead man, to whom of course, the tax collector was unable to give notice of delinquency, and for having been made for an amount in excess of the taxes, interest and costs.

The evidence shows that both Adam and Mandy Moss were dead when the assessment was made for 1921, and that the tax collector's notice of delinquency addressed to Adam Moss was returned to him, unclaimed, from the post office. It shows further a charge in the deed, as part of the taxes, interest and costs due on the property, a tax collector's fee of two dollars and a recorder's fee, for recording of four dollars. So that the evidence supports the facts on which both grounds of nullity are urged by plaintiffs. The law seems according to the authorities cited by plaintiff, equally to support plaintiffs' position. Wilkerson vs. Wyche, 158 La. 599, 104 South. 381; Succession of Williams vs. Chaplain, 112 La. 1075, 36 South. 859; Jones vs. Curran, 156 La. 1055, 101 South. 415; Carey vs. Cogney, 109 La. 77, 33 South. 89; Sec. 63 Act 170 of 1898; Sec. 64 same Act.

We find no error in the judgment and it is therefore affirmed.