## No. 546

### First Circuit

### HENDERSON v. MAYER

(March 5, 1930. Opinion and Decree.)

F. E. Powell, of DeRidder, attorney for plaintiff, appellee.

R. J. O'Neal, of Shreveport, attorney for defendant, appellant.

LEBLANC, J. This appeal is taken from a judgment in which a tax sale of two pieces of property in the parish of Beauregard was annulled for want of notice of delinquency.

A plea of three years' prescription based on the allegations contained in a supplemental petition filed more than three years after the alleged tax sale was properly overruled in the lower court. The amended petition was merely an amplification of the allegations of one of the articles of the original petition and did not have the effect of changing any or presenting new issues in the case.

The appellant complains of the overruling by the lower court of a motion for a new trial based on the ground of newly discovered evidence. It is generally held that the granting of a motion for a new trial is a matter largely in the discretion of the trial court, whose ruling will not be disturbed unless it appear to be clearly erroneous, which is not the case here.

On the merits, the case was presented on an agreed statement of facts, from which it appears that Joseph H. Henderson, the tax debtor, had been up to the summer of the year 1924, and for many years previous a resident of the town of Merryville, in the parish of Beauregard. The property in-

volved in this suit was assessed in his name on the tax roll of the parish for the year 1924, and the name "Merryville" appeared following his name on the tax roll. In the summer of 1924, he moved with his family to Beaumont, Tex., where he went to reside permanently.

About March 30, 1925, the deputy sheriff of the parish, in charge of the collection of taxes and the sale of properties for unpaid taxes, mailed registered notices of delinquency to each tax debtor, in what it seems was the customary manner prevailing in his office. The custom was to make a list of all notices sent, in duplicate. The list contained the name and address of each person to whom a notice was addressed. The postmaster at De Ridder, La., the mailing post office, then placed a registry number opposite each name on both the original and duplicate lists, retained the duplicate, and returned the original to the sheriff's office. From such list it appears a notice had been addressed to Joe Henderson at Merryville, La. No request was made for a return receipt and none was ever received. The addresses were all taken from the tax roll and no effort was ever made to find out if there had been any changes.

The records of the post office at De Ridder contained the duplicate list of notices received from the sheriff's office on March 30, 1925, from which it appears that a notice under registry No. P435 was addressed to Joe. Henderson at Merryville, La. As no registry records are kept in that office longer than three years, no further information concerning the handling of the notice was obtainable from that source.

The Merryville post office records indicate that registry item No. P435 from De Ridder was received March 31, 1925 and forwarded to Beaumont, Tex., April 1, 1925. Neither the addressee's name nor any street address either in Merryville or Beaumont appear in the records of that post office.

The records of the Beaumont post office for April, 1925, do not show the receipt of the item designated as registry No. P435 from De Ridder, La., addressed to Joe. Henderson, nor that any registered item from Merryville, La., post office addressed to Joe. Henderson was ever received by that office.

In the agreed statement of fact, Joseph Henderson is made to state that he has never received any notice from the sheriff of Beauregard parish in 1925 of unpaid taxes for the year 1924 on his property in that parish.

It can well be said, we believe, that notice to the delinquent tax debtor is the very basis of every tax title. It is a constitutional right of which the taxpayer cannot be deprived before steps are taken to dispossess him of his property. Under the same provision of the Constitution which grants him that right, the Legislature is charged with the duty of providing the manner in which the notice shall be given.

We find the method adopted in Act No. 170 of 1898, from whose provisions we quote the following:

"Sec. 50. Be it further enacted, etc., That on the second day of January, 1899, and each subsequent year, or as soon thereafter as possible, the tax collector or sheriff shall address to each tax-payer who has not paid all the taxes * * * assessed to him on immovable property, written or printed notice in the manner provided for in Section 51 that his taxes on immovable property must be paid within twenty days after the service or mailing of said notice. * * *"

"Sec. 51. Be it further enacted, etc., That the Tax Collector or sheriff shall either deliver to each tax-payer in person

or shall leave at his residence or place of business in the parish of Orleans one of said notices and a return or statement in writing of the mode of such service shall be made by the officer serving the same and be filed in the office of the tax collector or sheriff and shall be received by the courts as prima facie evidence of notice. In the country parishes this notice shall be sent by registered mail. * * * "

Section 51 was amended by the Legislature by Act No. 235 of 1928, but of course as the tax sale in this case took place in 1925, we have to consider the law as it existed prior to the amendment.

The Legislature must have realized that it was carrying out a mandate of the Constitution in a very important matter; and it prescribed a method which embodied formalities commensurate with its importance. For the taxpayer in Orleans parish it provided a manner of service equally as effective as in the case of service of citation. If for the other parishes it had not provided one equally as effective, the act would be open to serious attack as denying to the citizens of one part of the state the same protection afforded to those of another part, which of course would be violative of the Constitution of the United States.

It is worthy of note here that the amendment to section 51 by Act No. 235 of 1928 provides for a notice by registered mail in the parish of Orleans as well as in the other parishes. It may be that the Legislature had in mind the same idea which is here presented.

But we do not think that the Legislature intended to, nor did it, make any such discrimination between the citizens of the state in the original act, and if, at that time, it adopted a less cumbersome and expensive method of service of notice in the case of delinquent tax debtors in the country parishes, it was because the postal laws and regulations affecting registered mail insure the handling of the notice as effectively as does a personal service.

The federal law regulating the sending of registered mail when Act No. 170 of 1898 was adopted, included the following provision:

Rev. St. section 3928:

"A receipt shall be taken upon the delivery of any registered mail-matter, showing to whom and when the same was delivered, which shall be returned to the sender, and be received in the courts as prima facie evidence of such delivery."

It will be observed that the return receipt which the sender obtains is to serve as the same kind of proof in court as the return of the serving officer in the case of personal or domiciliary service.

In 1910 (Act May 23, 1910, c. 255, 36 Stat. 416), the federal law (Rev. St. U. S. sec. 3928) was amended so as to require the return receipt only upon request of the sender, and again in 1925 (Act Feb. 28, 1925, c. 210, 43 Stat. 1068, 39 USCA sec. 386) it was changed so as to exact an additional fee of 3 cents on the part of the sender, for the return receipt.

It was the imposition of this additional charge, perhaps, which actuated the sheriff in this case, as probably it did many others, in not requiring the return receipt when sending these registered notices. The amendment to the federal law, however, did not have the effect of amending the state law, and the extra expense charged to the sender of registered mail did not relieve the sheriff of any of his responsibility. The purpose in registering mail, while perhaps not to insure delivery, is to enable the sender to trace it through its course in the mails, and the surest means perhaps of ascertaining what disposition is made of it is by demanding the return receipt. Had the sheriff required

it in this case, when delivery could not be made of the notice to the addressee at Merryville, La., he would have been entitled to that information and he most probably would have been advised of the removal of the addressee from that post office address, which would have prompted him to make further and more diligent effort to find out the correct address. We do not think, therefore, that he did all that could have been done to comply with the provisions of the statute.

Another thought which gives strength to the views we have in this case arises from a consideration of the fact that the registered notice which the sheriff mailed, after reaching the post office at Merryville, La., lost its character of registered mail, because it was not forwarded as such from that office. The presumption which may exist that mail which is registered is forwarded as such must yield when the proof is made from the records of the post office which show that it was not and the addressee testifies that he never received it.

We are not unmindful of those decisions which hold that it is not whether or not the delinquent taxpayer received the notice that prescribes the test to be applied in cases of this kind, but we also have in mind the holding in some of those same decisions and others that it is the duty of the tax collector to be diligent in trying to ascertain the correct address of the tax debtor and do what is reasonable to make the notice serve the purpose for which it was intended under the law.

We find that the district judge correctly decided the case on this issue, which, as he says and we also state, makes it unnecessary to consider the other grounds on which the sale was attacked.

The judgment is therefore affirmed.

LECHE, J., not participating.