**23 So.2d 100**

**ALBA v. HOLSTEAD et al.**

**No. 37684.**

June 5, 1945.

Rehearing Denied June 29, 1945.

Spiller & Spiller, of Hammond, for plaintiff-appellant.

Shelby S. Reid, of Amite, Horace R. Reid, of Hammond, and Robert S. Ellis, of Amite, for defendants-appellees.

HIGGINS, Justice.

The plaintiff, claiming as the record owner of the fee-simple title to 281 acres of land in Tangipahoa Parish, Louisiana, instituted this action to rescind and cancel a purported tax sale dated September 3, 1938, (and subsequent transfers) on the ground that the Tax Collector of Tangipahoa Parish failed to notify the delinquent tax debtor, in accordance with the law.

The defendant, Holstead, filed a plea in bar on the ground that the plaintiff was an attorney-at-law and an officer of the court, and was, therefore, prohibited from purchasing the litigious rights involved in the present suit. In his answer, he asserted ownership of the property under the tax deed and averred that notice of the delinquency had been given to the tax debtor by registered mail at his address in New Orleans and Pontchatoula, Louisiana.

Mrs. Ella V. Joiner, who purchased a part of the property from Holstead, was made a party defendant and she answered the suit, adopting the defenses of her vendor, or author in title, Holstead, and called him in warranty.

There was judgment in favor of the defendants and the plaintiff appealed.

In November, 1933, George H. Spitzfaden, residing at No. 3635 Constantine Street, New Orleans, La., acquired the land and improvements in question from the Succession of Frederick Futvoye, assuming the payment of the 1933 taxes due thereon. Although his agent, Cliff Probst, made written inquiry about the taxes due on the property and had been assured that he would be notified of the amount thereof, it was adjudicated to the State in 1934 for the unpaid taxes of 1933, assessed in the name of Frederick Futvoye. On April 1, 1936, Spitzfaden, through his agent, Probst, redeemed the property on an installment basis, in accordance with Act 161 of 1934, § 1, as amended by Act 14 of the Fourth Extra Session of 1935. Spitzfaden died on April 11, 1936, and his heirs continued to reside in the family home at the above address in New Orleans. They failed to pay one of the past-due installments of taxes as required by the redemption statutes, and, on July 5, 1938, the Tax Collector of Tangipahoa Parish, by registered mail, sent the delinquent notice to "Mr. George H. Spitzfaden, New Orleans, La." Due to the fact that there was no street address on the letter, it was returned to the sheriff's office marked "Unclaimed". Although neither Spitzfaden, the deceased, nor his heirs lived in Pontchatoula, the Tax Collector sent a notice of delinquency, by registered mail, on July 14, 1938, addressed to the deceased at Pontchatoula, and this letter was also returned marked "Unclaimed". As the unpaid installment was past due, the Tax Collector (under the redemption statutes) sold the property to J. P. Carruth on September 3, 1938. During November, 1938, vacate notices were served on the four tenants and W. E. Mount, Agent, all of whom had occupied the property since 1928. Leases were exe-

cuted from Carruth through Mount to the four tenants in December, 1938, with the stipulation that they were to have retroactive effect to June 1, 1938. On August 25, 1939, the plaintiff purchased the property from the heirs of Spitzfaden. On December 30, 1939, Carruth placed a mortgage on the property for $2500 in favor of Frank E. Patenotte. On January 18, 1940, Carruth sold the property to the defendant, Holstead, Chief Deputy Sheriff and Tax Collector of Tangipahoa Parish, who handled the tax adjudication to the State and the sale of the property for the unpaid taxes to Carruth and the vacate notices, served on the tenants. On November 10, 1941, the defendant, Holstead, deeded fifty acres of the land to the defendant, Mrs. Ella V. Joiner, for the sum of $1,000. The present suit was filed on August 31, 1943.

█ In connection with the plea in bar, we observe that the record unquestionably shows that there was no suit pending at the time the plaintiff purchased the property from the Spitzfaden heirs, nor at the time Carruth sold the property to Holstead.

Under the provisions of the Civil Code and the jurisprudence, a litigious right is one over which a suit exists. R.C.C., Art. 2653; McClung v. Atlas Oil Co., 148 La. 674, 87 So. 515; Gautreaux v. Harang, 190 La. 1060, 183 So. 349; and Sanders v. Ditch et al., 110 La. 884, 34 So. 860.

Counsel for the defendants concede that the above is the law, but argue that it is not pertinent here, as the plaintiff in the act of purchase bound himself to pay all expenses that might be necessary in the event of litigation. They admit that they have been unable to find any authority in support of their position and assign no sound reason why the above-stated law is not applicable. Furthermore, it will be observed that the defendant, Holstead, acquired the property from Carruth subsequent to the purchase of it by the plaintiff from the heirs of Spitzfaden, the record owners thereof. There was no suit pending then. Under these facts, the defendants cannot legally complain. Saint v. Martel, 122 La. 93, 47 So. 413, and Swords v. Cortinas, 4 La.App. 145.

Counsel for the defendants rely on the case of Carey v. Green, 177 La. 32, 147 So. 491. The case is not in point here because there the court found that the tax notice was sent by registered mail to the delinquent tax debtor's proper address and it was solely through his own neglect in not going to the postoffice for his mail that he failed to receive timely notice.

The statutes under which the redemption was effected provide for the sale of the property, in the event any of the installments representing the delinquent taxes are not paid timely. The sale, in such instance, is to be "in the manner provided for tax sales * * *."

█ The record leaves no doubt that if the Tax Collector had exercised the slightest diligence, he could have obtained the street address of the delinquent tax debtor or his heirs in the City of New Orleans. He knew that the tax debtor or his heirs did not live in Pontchatoula, and that the property was not located there. The correspondence between Probst, Spitzfaden's

agent, and the Tax Collector's office shows clearly that the tax debtor's address could readily have been secured. His address could also have been obtained through the tenants on the property, as the Tax Collector knew where the property was located, it being prominently known as the "Futvoye Place." The defendant, as a witness, admitted that he, as Chief Deputy Sheriff and Tax Collector, had handled the matter, and stated that he paid no attention to Cliff Probst.

The two registered letters, improperly addressed to the delinquent tax debtor, constituted all the notice that was attempted to be given to him or his heirs. The defendants argue that these notices were sufficient in law.

In Messina v. Owens, La.Sup., 22 So.2d 286, the registered notice was mailed to the delinquent tax debtor at West Monroe, Route No. 1, as shown on the assessment rolls, instead of to his residence, 914 Pine Street, Monroe, which address did not appear on the assessment rolls. The Court annulled and cancelled the tax deed because there was not a proper legal notice given to the delinquent tax debtor, citing a number of authorities.

The constitutional and statutory notice required of the tax collector in favor of the delinquent tax debtor certainly does not contemplate the mailing of a registered letter to an address where it will not reach the party whom the law is seeking to protect by giving him notice. It was strictly due to the negligence of the tax collector in not obtaining the proper address, when that information was readily available, and not the fault of the delinquent tax debtor or his heirs that the notice was not received. Recker v. Dupuy, 161 La. 392, 108 So. 782; Curran v. Jones, 156 La. 1055, 1056, 101 So. 415; Henderson v. Mayer, 12 La.App. 531, 126 So. 531; Lee v. Givens, 18 La.App. 383, 134 So. 775; Wilkerson v. Wyche, 158 La. 596, 104 So. 381; Hargrove v. Davis, La.App., 178 So. 198; Fennimore et al. v. Boatner, 112 La. 1080, 36 So. 860; Williams v. Chaplain, 112 La. 1075, 36 So. 859; Gottlieb v. Babin, 197 La. 802, 2 So.2d 218; Martin v. Serice, 200 La. 556, 8 So.2d 538; and Fountain v. Kirby, La.App., 199 So. 603.

It is our opinion that the sale of the property on September 3, 1938, to Carruth, for the delinquent installment of taxes is null and void. It follows that the act of sale by Carruth to Holstead on January 18, 1940, and the act of sale by the defendant, Holstead, to Mrs. Ella V. Joiner, on November 10, 1941, of fifty acres of the land involved herein, are null and void and that all of these instruments should be cancelled from the public records upon the plaintiff reimbursing the defendants the amount of the taxes paid by each of them on the land in controversy.

The plaintiff concedes that the defendants are entitled to the return of the amount of taxes paid by each of them on the property and signifies his willingness to deposit that sum in the registry of the court. He is also asking for an accounting and to be awarded the rents and revenues of the property during the time that the defendants and their author in title were in possession of it, and for the restor-

ation of possession thereof to him. Neither counsel, in their briefs or oral argument, have covered these issues insofar as the facts of the case are concerned. An examination of the record shows that while some evidence was introduced with respect to these questions, it is not sufficient for us to accurately determine the amount of taxes that is due the defendants, Holstead and Mrs. Joiner, and the rents or revenues claimed to be due by the plaintiff from them. Under these circumstances, in the interest of justice, the case will be remanded for the purpose of affording the parties litigant an opportunity to introduce additional evidence.

For the reasons assigned, the judgment of the district court is annulled and set aside; and

It is now ordered, adjudged and decreed that this case is remanded to the district court, in order that additional evidence may be introduced by the respective parties concerning the amount of taxes due to the defendants by the plaintiff and the rents and revenues that may be due the plaintiff from the defendants, respectively, and, upon the determination by the district court of each of these amounts, that a proper judgment be rendered between the parties as to these claims; and that the tax sale of the property to J. P. Carruth of September 3, 1938, and the sale by J. P. Carruth to John C. Holstead on January 18, 1940, and the sale by John C. Holstead to Mrs. Ella V. Joiner on November 10, 1941, be annulled and cancelled, upon the plaintiff reimbursing the defendants, or depositing in the registry of the district court, the amount of taxes they paid on the property; and that judgment be rendered in favor of Mrs. Ella V. Joinder and against her vendor, John C. Holstead, under her call in warranty growing out of the sale by John C. Holstead to her on November 10, 1941, of fifty acres of the land, all consistent with the views herein expressed.

The costs of this appeal are to be paid by the defendants and all other costs to await the final decision of the court.