Plaintiffs, the heirs and legal representatives (children and grandchildren) of George and Lucinda. Sanders, both deceased, instituted this suit, an action of *Page 719 
jactitation, against defendant, Metz Abbitt, wherein they allege actual, physical possession in themselves of the W 1/2 of the NW 1/4 of NW 1/4, Section 20, Township 17 North, Range 10 West, in Webster Parish, Louisiana, containing twenty (20) acres; and that the defendant is slandering their title to said land by pretending to be the owner thereof by virtue of a tax sale to him by the tax collector of Webster Parish, in the year 1937, for delinquent taxes of the year 1936, under an assessment to the Estate of George and Lucinda Sanders. The tax sale is attacked as being invalid, null and void on the following grounds, to-wit: That no notice of the intended tax sale nor of the delinquency of the taxes for which the land sold, was given by the tax collector to either of the plaintiffs (owners) or to the estate of George and Lucinda Sanders; that the assessment of said land was to dead persons.
Answering, defendant converted the suit into a petitory action by alleging ownership of the property in him by virtue of the attacked tax sale, the validity of which he affirms. He also alleges that he took actual, physical possession of the property immediately after the date of the tax deed and has since continuously maintained such possession. Further answering, he avers that the right to have the tax sale declared null and void for the reasons and causes alleged upon, is barred by the Constitutional peremption of five years, which he specially pleads. He prays that his title to the land be quieted and confirmed and that he be decreed owner thereof.
[1] The lower court sustained the plea of peremption interposed by defendant and recognized him to be the owner of the land. Plaintiffs appealed to this court. Under the pleadings the onus rested upon defendant to establish title to the land superior to that of the plaintiffs.
The land in question was acquired by George Sanders, husband of Lucinda Sanders, in the year 1884. Sanders and wife died many years prior to 1937, the year in which the tax sale occurred. It is not shown that the succession of either deceased' was opened in Webster Parish, their domicile. They were members of the colored race.
It is proven that notice of delinquency of the taxes of 1936 was sent by the tax collector by registered mail in an envelope addressed to "The Estate of George and Lucinda Sanders, Koran, Louisiana," in April, prior to the date of the tax deed, but the letter was returned to the sender unclaimed. No further effort was made by the tax collector to give notice of the delinquency of the taxes to the heirs of the decedents although all of them lived in Webster Parish and near the land. This notice, it is contended by defendant, met legal requirements. It is also shown that the land had been in like manner assessed for many years prior to 1936, and that taxes under each assessment were regularly and timely paid by someone.
Two primary questions are tendered for decision: First, did the notice of delinquency, above mentioned, meet legal requirements as regards the giving of notice to a tax delinquent or tax debtor prior to sale of his property for delinquent taxes? If this question should be resolved in the affirmative, all other issues, primary or secondary, will perforce be foreclosed, as defendant's title to the land would be indefeasible; but if the question should be negatively resolved, a second question automatically arises: Has the right of plaintiffs to have the tax sale annulled for the reasons assigned by them been barred by the peremption pleaded by the defendant, the tax deed having been registered for more than five years prior to institution of this suit? This proposition poses a secondary question: Has the period of peremption been suspended or tolled by actual, physical possession of the land by the plaintiffs or some of them since date of the tax sale?
It is obvious that the tax assessor knew that George and Lucinda Sanders were dead when he made up the assessment for the year 1936, and for this reason the assessment was to the estates. The assessment being to the estates naturally brought to the tax collector's knowledge the fact that the former owners of the land were dead.
[2] Sections 50 and 51 of Act No. 170 of 1898, as amended, provide that in each of the country parishes (meaning all but *Page 720 
the parish of Orleans) the tax collector on the second day of January of each year or as soon thereafter as possible, shall address and send by registered mail to each tax payer who has not paid all taxes assessed to him on immovable property "written or printed notice * * * that his taxes on immovable property must be paid within twenty days after the * * * mailing of said notice, or that said property will be sold according to law." Section 11 of Article X of the Constitution of 1921 relating to sale of immovable property for unpaid taxes, in part, reads:
"There shall be no forfeiture of property for the nonpayment of taxes, but at the expiration of the year in which said taxes are due, the collector shall, without suit, and after givingnotice to the delinquent in the manner provided by law,
advertise for sale * * *," etc.
In the present case, it is pertinent to ask: Who was the "tax debtor" (referred to in the statute) or "delinquent" (mentioned in the Constitution)? It does not seem logical nor reasonable to say that an estate to which there is no administrator or other designated representative, could be a tax debtor or delinquent within the purview of said laws. Notice of delinquency, in such circumstances, cannot be given to a dead person. The Supreme Court in a number of cases has answered the question above propounded. In Wilkerson v. Wyche et al.,158 La. 596, 104 So. 381, the facts are quite similar to those of the case at bar. Said facts and the holding of the court disposing of the main issue of the case are clearly reflected from the following excerpt from the opinion, to-wit:
"We do not deem it necessary to pass upon the legality, vel non, of the assessment, because we find, from an examination of the record, that the notice of the tax delinquency and sale was not given to the owners of the property as required by law.
"It is admitted that Abraham Schields, the assessment in whose name formed the basis of the tax sale, had been dead for many years prior thereto.
"The registered notice sent out by the tax collector was returned to him unclaimed, and, without any further effort on his part to notify the actual owners, he deposited the returned registered notice with the clerk of court, and thereafter solo the property to the defendants.
"In issuing the notice in question, the tax collector followed sections 50 and 51 of Act 170 of 1898, which provide that notice of the proposed sale shall be given the 'taxpayer.' Article 233 of the Constitution of 1898 and of 1913, which was in force at the time of the tax sale, required, however, that such notice should be given to the 'delinquent.' It is now toowell settled to admit of argument that the term, 'delinquent'means the actual owner at the time the notice is issued."
The Supreme Court in the cited case, in support of the doctrine and principle therein announced, quoted from the opinion in Adsit v. Park et al., 144 La. 934, 81 So. 430, and in Re Interstate Land Co., Ltd., v. Doyle et al., 118 La. 587, 43 So. 173. Many other cases that announce the same principle are cited.
Since rendition of judgment in the Wilkerson case, supra, the Supreme Court has approved what is said in that case, in the following cases, to-wit: Alba v. Holstead et al., 208 La. 301,23 So.2d 100; Federico et al. v. Nunez et al., 173 La. 957,139 So. 18; Salsman et al. v. Bloom et al., 172 La. 238,133 So. 760; Recker et al. v. Dupuy et al., 161 La. 392, 108 So. 782.
The case of Jackson et al. v. Lamb, 4 La. App. 523, decided by the Court of Appeal, First Circuit, has facts practically on all-fours with the present one. The court therein followed the Wilkerson case, cited above.
[3] It follows that the notice of tax delinquency, etc., should have been given to plaintiffs, the owners of the land. The notice that was mailed by the tax collector was legally ineffective.
[4] Of the twenty acres involved, only about five were open at the time of the tax sale. The land was not fenced. There was then on the open part of the tract a very small cabin of one room, old and dilapidated. Benjamin Sanders, a son of the decedents, and one of the plaintiffs, owned land adjacent to that involved in this suit. The other heirs looked to him to pay taxes on *Page 721 
the land and protect it from trespassing. In a way he acted as their agent. Annually, prior to and since the tax sale he made a garden on the tract that embraced three-fourths of an acre. Prior to and since the tax sale he frequently cut fire wood and other timber therefrom. He authorized a very old negro woman to move into and occupy the shack thereon, free of rent and when she vacated it he authorized an old negro man to occupy it, likewise free of rent.
Defendant's only pretense toward possessing the land consisted of requiring these two old negroes to pay him very small amounts from time to time as they were able, the total of which, he says, was about $8, and authorizing a white man to cut and remove a small number of trees therefrom for which he was paid not over $10. He does not even say he rented the house to the old negroes after finding them therein nor does he contend or intimate that he objected to or interfered with Benjamin Sanders' annual use of the garden plot and cutting trees and wood from the land.
The land involved herein belonged to plaintiffs and their ancestors for over one-half a century. The ancestors lived on and actually possessed it at the time of their respective deaths. All or nearly all of the plaintiffs lived in the community wherein it is located, passed over it frequently in going to and from their homes and in other respects evinced an attitude indicative of ownership and possession thereof. The land was known generally as belonging to the Sanders heirs.
We are sure the meager acts of possession relied upon by defendant were wholly insufficient to have effected a transition of possession from plaintiffs to him. Such acts are not of the character that would oust a possession of the character exercised by Benjamin Sanders for himself and his co-heirs for so many years.
[5] Even though it be conceded arguendo that the acts of possession relied upon by defendant were sufficient to supplant the possession of Benjamin Sanders, it is not definitely shown that such acts occurred five years or more prior to the filing of this suit. It was necessary to make such proof before the pleaded peremption could be sustained. See: Kivlen v. Horvath,163 La. 901, 902, 113 So. 140; Federico v. Nunez, supra.
[6] It has been often held by the courts of this state that the continuous, actual, physical possession of land by the tax debtor, the delinquent, after date of a tax sale thereof, operates as a protest against the sale, and serves effectively to suspend or toll the current of the Constitutional peremption relied upon in this case. And, we likewise hold herein.
In some respects Benjamin Sanders equivocated in giving his testimony, which, in view of the fact that he is an humble old negro and defendant a well-to-do white man, who lives near the land, is understandable. The following extract from Benjamin's testimony needs no comment from us, to-wit:
"Q. Has Mr. Abbitt been down to your place recently? A. Yes, sir, down there Wednesday.
"Q. Did he threaten you? A. Yes, sir.
[7] It was agreed by counsel that defendant has paid taxes on the land, including the amount advanced by him at the tax sale, in the sum of $42.31. And, as said above, he received $10 for timber he sold and $8 from the old negroes. Before the judgment we shall render herein (annulling the tax sale) becomes effective, plaintiffs will have to refund to defendant the taxes paid by him, plus interest at the rate of ten per cent per annum from the dates of payment. Section 11, Article X of the Constitution of 1921. However, said amount is subject to credit of $18.
For the reasons herein given, the judgment appealed from is annulled, avoided and reversed, and for said reasons it is now adjudged and decreed that plaintiffs, Benjamin Sanders, George Sanders, Jr., William Sanders, Margaret Sanders Paysinger, Fred Sanders, R.L. Williams, Lily S. Watson, Marie Sanders, Elias Sanders, F.B. Sanders, Jr., Elnora Sanders Washington, Nonia Sanders, Wedea Sanders, Margaret Sanders, and Fred Sanders, Jr. have judgment herein against defendant, Metz Abbitt, recognizing and decreeing them, as heirs and legal representatives of George and Lucinda Sanders, deceased, to be the *Page 722 
legal owners and in possession of the land involved herein, to-wit:
"W 1/2 of NW 1/4 of NW 1/4, Section 20, Township 17 North, Range 10 West, containing 20 acres, more or less, situated in Webster Parish, Louisiana."
It is further ordered, adjudged and decreed that the tax sale of said property by the tax collector of Webster Parish to defendant on June 26, 1937 recorded in Conveyance Record Book No. 118, page 561, of Webster Parish, be and it is hereby declared null, void and of no legal effect, and its inscription is hereby ordered canceled and erased by the clerk and ex-officio recorder of said parish after finality of this judgment, and after plaintiffs have complied with the condition herein imposed upon them.
It is further ordered, adjudged and decreed that this judgment, insofar as it annuls and orders canceled from the records said tax sale to defendant, be ineffective until plaintiffs repay to defendant the sum of $42.31, taxes paid by him on the land, plus ten per cent interest per annum thereon from date of payments thereof, less the sum of $18.
It is further ordered, adjudged and decreed that defendant pay all costs of this suit.