HALL, Judge pro tem.
Plaintiff purchased from defendant, a building contractor, a newly constructed residence built by defendant and located *442 at 7413 Canal Boulevard in the city of New Orleans by Act of Sale dated August 8, 1957. On the date of the passage of the act of sale, and before the signing thereof, plaintiff, having previously noticed an oozing of mastic between the joints of the wood-block flooring in the residence, exacted a special written warranty from defendant reading in part:
“I hereby guarantee for a period of one year all of the material and workmanship in the aforesaid premises and agree to remedy any defects or make any adjustments which may be necessary during that period.”
By subsequent written agreements the period of this warranty was extended to expire on June 8, 1959.
Plaintiff filed this suit on June 2, 1959 alleging that the flooring and louvered doors in the premises were substandard, defective, and had not been constructed and finished in a workmanlike manner and prayed for a judgment against defendant under his warranty in the sum of $1,200.00 cost of replacing the floors and $1,700.00 cost of replacing the doors, making a total of $2,900.00.
On June 22, 1960 plaintiff filed an amended petition by which he increased his demand relative to the flooring to the sum of $1,700.00 but reduced his demand relative to the doors to the sum of $400.00 cost of repairing same, which reduced the total claimed to $2,100.00. The original petition was not amended in any other respect. Defendant’s counsel consented to the filing of the amended petition but “reserved all rights”.
Defendant filed a general denial to the original and amended petitions and trial was had on the merits resulting in a judgment in favor of the plaintiff for $1,924.00 plus interest and costs. Defendant appealed from this judgment and plaintiff answered the appeal praying that the amount of the judgment be increased by an allowance of $135.00 for experts’ fees. A plea of prescription was filed in this Court by defendant directed at a portion of the District Court’s allowance for replacement of the floors.
The issue before us is predominantly one of fact.
Plaintiff having complained to defendant at the time of passage of the act of sale that mastic was oozing between the joints of the wood-block flooring, defendant instructed his flooring sub-contractor, Ed-mondson, to remedy this condition. Whether this necessitated removal and replacement of all of the flooring is doubtful, but that is what Edmondson did. It is the second floor laid by defendant’s subcontractor, Edmondson, that forms the subject of this controversy. The defects in the louvered doors were admitted by the defendant.
The testimony shows that the second floor was laid on an uneven floor slab, the blocks composing the floor were not squared resulting in unevenness, the blocks were loose in spots, cracks of various sizes appeared between the blocks, the lines of the pattern were not straight, the “points” didn’t meet, some of the blocks were discolored, and in general the job was substandard, defective and done in an incompetent and unworkmanlike manner. Defendant made one effort to correct it but without success.
It would serve no useful purpose to review the evidence in detail. It is overwhelming to the effect that Edmondson did a very poor job and that the only way to remedy the condition would be to remove all of the wood-blocks and replace them entirely with new blocks. One of plaintiff’s experts testified that this would cost $1,700.-00, another of his experts estimated that the cost for labor and materials to replace the flooring would be $1,524.00.
The defendant-appellant contends that the flooring sub-contractor, Edmondson, re *443 moved and replaced the original flooring on the insistence of plaintiff’s wife and without knowledge or consent of the defendant. The evidence does not sustain this contention.
Defendant further contends that in March of 1958 he had the floors repaired by an expert floor contractor named Troen-dle and that thereafter plaintiff wrote two letters to him which show that although plaintiff still complained of the floors his complaints were of a minor nature and that the complete replacement of the floors was not contemplated by him at that time. Defendant contends that these letters lulled him into a false sense •of security to his detriment; that had he been informed that it was plaintiff’s intention to demand the relaying of the entire floor he, being a contractor, could have had the work done cheaper; and that plaintiff’s demand should be limited to the minor complaints made in his letters. In support of this contention defendant cites Morehouse Ice Co., Inc. v. Tooke and Reynolds, La.App., 154 So. 402. That case is inapposite, first, because the defense there was raised by a plea of estoppel, which is lacking here, and secondly because in the cited case plaintiff had furnished defendants a list of nine specific defects which he demanded to be •corrected by them in connection with their agreement of warranty, and thereafter included in his suit other and different defects which did not appear on this list. In the instant case the letters plaintiff wrote dealt with the floors and this suit deals with the same subject matter.
We find no merit in defendant’s argument. Even Troendle who repaired the floors for defendant and who was called as •one of his witnesses testified that subsequent to his repair work and “about three •or four months” prior to trial he examined the floors at defendant’s request and observed that “the cracks were enormous. The blocks had slipped, * * * Tro-endle also testified that there was no way to remedy the condition of the flooring other than to remove it entirely and install new flooring, which led the trial judge to observe that the defendant’s witnesses “made out a better case for plaintiff than he did himself”.
Plaintiff contends in the alternative that his plea of prescription should be maintained as to $324.00 of the amount allowed by the trial court for replacement of. the floors. It is obvious that the trial court allowed $1,524.00 for this item, which is $324.00 in excess of the $1,200.00 claimed for the item in plaintiff’s original petition. Plaintiff contends that the amended petition increasing the amount claimed to $1,700.00 not having been filed until June 22, 1960 is barred by the prescription of one year applicable to redhibitory actions provided by LSA-C.C. Art. 2534.
We find no merit in the plea.
This is not a redhibitory action (which applies only to hidden defects LSA-C.C. Art. 2521) but an action based on an express contract of warranty covering apparent defects, and defendant’s breach thereof occurred during the term of the warranty. Moreover where, as here, an amendment which does not effect a change in the cause of action is filed after prescription has run the amendment relates back to the filing of the original petition. See LSA-R.S. 9:5801; Callender v. Marks, 185 La. 948, 171 So. 86; Henderson v. Mayer, 12 La.App. 531, 126 So. 531; Muhleisen v. Eberhardt, La.App., 21 So.2d 235; McKay v. Southern Farm Bureau Casualty Company, La.App., 123 So.2d 658; Kansas City Fire & Marine Insurance Company v. Hillman, La.App., 118 So.2d 174; Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488; 54 C.J.S. Limitations of Actions § 280 at page 327.
Plaintiff’s complaint with reference to the louvered doors is that some of them had become warped, and the testimony shows that it would cost $400.00 to repair them. As previously noted, defendant ad *444 mitted that they were warped but did not wish to repair them because it was his opinion that, being made of cypress, they would warp again. He offered to replace the doors with white fir. Since, as the record shows, white fir could not be made to match the other woodwork plaintiff was within his rights in refusing to accept defendant’s offer.
In our opinion the District Judge correctly rendered judgment in plaintiff’s favor for the cost of replacing the floors and the cost of repairing the doors.
Plaintiff .has asked that the judgment be increased by $135.00 to cover the fees of his three expert witnesses. A rule to tax these fees as costs was filed in the trial court, but for some reason not apparent to us the rule was continued indefinitely and was never tried. Defendant opposes the fixing of these fees by this Court on the ground that under the provisions of Act 114 of 1960 (LSA-R.S. 13:3666 as amended) such fees are required to be fixed by the trial court.
In the instant case there is in the record sufficient evidence to enable us to determine what should be the amounts of those ’fees. Moreover, the record contains a stipulation between counsel that the fees charged by the witnesses in the amounts prayed for here are reasonable.
In view of these circumstances we see no reason to remand the case but under the authority of LSA-C.C.P. Art. 2164, we will fix the fees ourselves at the amounts prayed for.
For the foregoing reasons the judgment appealed from is amended by fixing and taxing as costs to be paid by the defendant the fees of plaintiff’s expert witnesses as follows : Stanley J. White $50.00, Carl L. Burgamy $35.00, Andrew L. Schneider $50.-00. As thus amended and in all other respects the judgment appealed from is affirmed.
Amended and affirmed.